

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Sir:

Opinion No. O-5355
Re: Constitutionality of Senate
Bill 368, Acts of the 48th
Legislature, and related
questions.

Your request for our opinion reads:

"Senate Bill No. 368, enacted by the Forty-eighth
Legislature in Regular Session, provides that the High-
way Commission is authorized to designate any county
road in the State as a farm-to-market road for purposes
of construction, reconstruction, and maintenance only,
provided the Commissioners' Court of the county in
which such county road is located shall pass and enter
in its minutes an order waiving any rights such county
and/or road district may have for participation by the
State in the payment of any indebtedness incurred by
the county and/or road district in the construction
of such county road, and, provided further that the
State Highway Commission and the Commissioners' Court
of the county may enter into a contract setting forth
the duties of the State in the construction, reconstruc-
tion, and maintenance of the county road in consideration
of the county relinquishing and waiving any and all
claims that it has or may have for participation by the
State in the payment of county and/or road district
bonds, warrants, or other evidences of indebtedness
outstanding against such road for the construction or
improvement of the road before being designated by the
State Highway Commission.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL...

"It is the desire of the Highway Commission to effectuate the intentions of the Legislature as expressed in the bill at the earliest practicable date; however, a number of questions must first be answered before the Commission may proceed and it is on these questions that we would appreciate having your opinion.

"1. Is Senate Bill No. 348, Acts of the Regular Session, Forty-eighth Legislature, constitutional?

"2. The Official action of the Highway Commission is by official minutes approved by said Commission and recorded in the official records of the Department. Would the following wording in a Commission minute comply with the requirements of Senate Bill No. 348 to give full effect to the provision that the outstanding bonds, warrants, or other evidences of indebtedness against such road would not become eligible for state participation?

' In Blank County, a farm-to-market road is hereby designated from point 'A' to point 'B' a total distance of 6.5 miles, and the State Highway Engineer is directed to assume said road for state maintenance effective June 1, 1945, and to mark said road for the proper guidance of the traveling public as State Highway No. 645, this action of the Highway Commission being in accordance with the provisions of Senate Bill No. 348, enacted by the Forty-eighth Regular Session of the Texas Legislature, and in accordance with the contract entered into between Blank County and the Texas Highway Commission relative to the outstanding indebtedness against such road.'

"3. May the Legislature invalidate contracts entered into between the State and county under the provisions of Senate Bill No. 348 by the enactment of subsequent legislation and thus make eligible for State participation in the payment of bonds, warrants or other evidences of indebtedness covered by a contract entered into under Senate Bill No. 348?

"4. Would contracts entered into between the State and a county under Senate Bill No. 348 be binding on future Commissioners' Courts of the county?

"There is attached hereto a copy of a contract prepared for the purpose of carrying out the provisions of Senate Bill No. 348. We realize that the provisions included in this contract may possibly have to be changed to conform to the opinion of your Department in response to the above questions and we would appreciate it very much if after answering the above questions, you would make such changes in the attached agreement as will be necessary to conform to your opinion."

Senate Bill 348, being chapter 244, Acts of the 48th Legislature reads in part:

"An Act authorizing the State Highway Commission to designate any county road as a farm-to-market road for construction, reconstruction, and maintenance only; authorizing counties of the state to enter into contracts with the State Highway Commission with reference to said roads; providing that the indebtedness incurred in constructing such roads shall not participate in the County and Road District Highway Fund; declaring the state policy with reference to such roads, and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS

"Sec. 1. The State Highway Commission is authorized to designate any county road in the state as a farm-to-market road for the purposes of construction, reconstruction, and maintenance only, provided that the Commissioners Court of the county in which any such county road is located shall pass and enter in its minutes an order waiving any rights such county may have for participation by the state in any indebtedness incurred by the county in the construction of such county road; and provided further that the State Highway Commission and the Commissioners Court of the county in which any such road is located

Honorable D. C. Greer   Page 4.

782

may enter into a contract that shall set forth
the duties of the state in the construction,
reconstruction, and maintenance of the county
road in consideration of the county and/or
road district relinquishing any and all claims
for state participation in any county, road
district, or defined road district bonds,
warrants, or other evidences of indebtedness
outstanding against such road for the construction
or improvement of the road before being designated
by the State Highway Commission.

"Sec. 2.  It is hereby declared to be the
policy of the state that the assumption by the state
of the obligation to construct and maintain such
roads designated by the State Highway Commission
as farm-to-market roads under the provisions of
this Act constitutes full and complete compensa-
tion for any and all funds that might have been
expended by any county, road district, or defined
road district in the construction and maintenance
of said road prior to its designation by the State
Highway Commission as a farm-to-market road.

"Sec.3.  This Act shall be cumulative of all
other laws on this subject, but in the event of
a conflict between the provisions of this Act
and any other Act on this subject the provisions
of this Act shall prevail."

Section 4 of the Bill contains the emergency
clause.

We have carefully considered the Bill and find no
constitutional objections thereto. We think its content and
the purposes sought to be obtained are clearly within the
province of the Legislature. Your first question is therefore
answered in the affirmative.

Neither Senate Bill 348 nor any other statute
prescribes the form to be used by the Highway Commission for
an official minute.  On the contrary the Commission is given
broad power to make rules for the conduct of the business

with which it is charged. Article 6666, V. A. C. S. We believe that the proposed minute contained in your question 2 is in compliance with the terms of the Act under consideration.

The answer to your third question as to the right of subsequent legislatures to assume the bonded indebtedness of counties which have entered into contracts with the State Highway Department pursuant to the terms of Senate Bill 348 depends, we believe, upon a determination of whether or not the assumption thereof would violate Section 51, Article 3 of the Constitution prohibiting a gratuitous donation of public money.

That the building of public roads is a function of government belonging primarily to the State is thoroughly established by decisions and is recognized in the Constitution.

Article 11, Section 2 of the Constitution, provides:

"The construction of jails, courthouses and bridges and the establishment of county poor houses and farms and the laying out, construction and repairing of county roads shall be provided for by general laws."

In the case of Robbins v. Limestone County, 268 S. W. at page 918, our Supreme Court, speaking through Justice Pierson, said:

"The establishment of public highways being primarily a function of government belonging to the State, the right to establish them resides primarily in the Legislature and in the absence of constitutional restriction the Legislature may exercise the right or delegate it to a political subdivision of the State * * *."

In the same case it is held that public roads within the borders of a county belong not to the county but to the State.

Honorable D. C. Greer, page 6


In Bexar County v. Linden, 220 S. W. at page 762, the Supreme Court, speaking through Phillips, C. J., said:

"The giving away of public money, its application to other than strictly governmental purposes, is what the provision (Article 5, Section 51) guards against."


And on page 763:


"They (counties) are made use of by the State for the collection of taxes, for the diffusion of education, for the construction and maintenance of public highways, and for the care of the poor. All of these things are matters of State, as distinguished from municipal concern. They intimately affect all the people. The counties are availed of as efficient and convenient means for the discharge of the State's duty in their regard to all the people."


We quote from our opinion No. O-908:


"* * * the State is inhibited by such section (Sec.51,Art.3) only from the bestowal of gratuities upon its political subdivisions. Road District No. 4, Shelby County, vs. Allred, 123 Tex. 77, 68 S. W. (2d) 164. Reimbursement may be made by the State to its political subdivisions, therefore, of moneys expended by such political subdivisions for State, as distinguished from purely local or municipal, purposes. Such reimbursement, of course, must be on account of obligations incurred by the political subdivision for the benefit of the State as a whole. The undertaking for which the moneys were expended by such political subdivision must be one which the State itself might lawfully have undertaken for the benefit of its people as a whole, else the reimbursement would be the giving of a gratuity and stand condemned by the Constitution.

* * * *

"We are likewise of the opinion that the reimbursement by the State of the counties and road districts for moneys already expended by them on public roads does not constitute a violation of the provisions of Section 51, Article 3, of the Constitution, provided that the counties and road districts are required to use the moneys thus returned to them for the construction and maintenance of public roads or for the retirement of outstanding indebtedness incurred in the construction or maintenance of public roads. That portion of House Bill No. 688, subsection No. 4 of amended section 7, found on pages 19 and 20 of the Act, which directs the making of cash payments to counties to reimburse them for road tax moneys used to discharge obligations eligible for participation under the original Act is of doubtful constitutionality because the use of the payments thus made is not restricted by the Act. Thus, though the reimbursement is intended to be made for moneys expended by the counties in their capacity as agents of the State for a State purpose, to-wit, the construction of public roads, the repayment is to the county in its proprietary capacity and might be devoted by the county to purely local purposes, or, in any event, to purposes other than those for which the tax moneys were originally collected by the counties under and by virtue of their constitutional authority and within the constitutional limits placed upon such counties." (Parenthetical Insert Ours)

It is our opinion that subsequent Legislatures could by appropriate act provide that the State should assume the bonded indebtedness of counties against such roads as are taken over under the provisions of Senate Bill 348.

The Act contemplates and authorizes a contract to be entered into by the county, through its commissioners' court, and the Highway Commission. Contracts made by a commissioners' court cannot be repudiated merely because the personnel of the court has subsequently changed. Gulf Bitulithic Co. v. Nueces County, (Com. App.) 11 S. W. (2d) 305. In answer to your fourth question you are advised that a contract made under the provisions of the Act under inquiry will be binding upon future commissioners' courts of the contracting county.

Honorable D. C. Greer, page 8

You attached a copy of the proposed contract form to be used by you in contracting with the respective counties which is too lengthy to here set out. We believe it to be sufficient to carry out the provisions of the Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Lloyd Armstrong_

Lloyd Armstrong
Assistant

APPROVED JUL 26, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

LA:EP